**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | |
|---|---|
| CINDY LI, AS PERSONAL REPRESENTATIVE AND AGENT OF THE REAL PARTY IN INTEREST; ) ) ) ) | CASE NO. 5:21-CV-00983-JRA |
| ) | JUDGE JOHN R. ADAMS |
| Plaintiff, ) | UNITED STATES DISTRICT JUDGE |
| ) | |
| v. ) ) | MAGISTRATE JUDGE CARMEN E. HENDERSON |
| ) | |
| REVERE LOCAL SCHOOLS BOARD OF EDUCATION, ) ) | **REPORT & RECOMMENDATION** |
| Defendant, | |

**I. Introduction**

Plaintiff Cindy Li, as personal representative and agent of the real party in interest, commenced this action against Revere Local Schools Board of Education ("Revere"), asserting claims under the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA") on behalf of her adult son, T.L. Before this Court is Revere's motion to dismiss all claims against it, filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6). (ECF No. 15). Plaintiff filed a response in opposition to the dismissal. (ECF No. 16). Revere replied in support. (ECF No. 18). The issues presented in the motion to dismiss have been fully briefed and are ripe for disposition. For the reasons stated herein, this Court recommends GRANTING Revere's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Because dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) due to Plaintiff's lack of standing, this Court has not analyzed Revere's remaining arguments for dismissal under Fed. R. Civ. P. 12(b)(1) or 12(b)(6).

1

**II. Standard of Review for Federal Rule Civil Procedure 12(b)(1)**

"This first question this Court must address is whether it possesses power, or subject matter jurisdiction, over the instant matter." *Kallai v. Jatola Homes, LLC*, No. 5:21CV00056, 2021 WL 5961626, at *2 (N.D. Ohio Dec. 16, 2021). "If this Court lacks subject matter jurisdiction, the instant matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1)." *Id.* "Motions to dismiss for lack of subject matter jurisdiction, brought pursuant to Federal Rule of Civil Procedure 12(b)(1), 'generally come in two varieties: a facial attack or a factual attack.'" *Id.* (quoting *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990))). "A facial attack 'questions merely the sufficiency of the pleading' alleging subject matter jurisdiction, and a court reviewing this type of attack 'takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss.'" *Id.* (quoting *Gentek*, 491 F.3d at 330). "A factual attack, on the other hand, 'raises a factual controversy' where a court 'must weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist.'" *Id.* The submissions by the parties in this matter appear to lodge a factual attack questioning the standing of Plaintiff to file suit on behalf of her adult son, T.L. When considering a factual challenge, courts enjoy broad discretion in considering and weighing extrinsic evidence to determine their authority to review the case. *Cartwright v. Garner*, 751 F.3d 752, 759-760 (6th Cir. 2014). The party opposing dismissal bears the burden of proving subject matter jurisdiction. *Cartwright*, 751 F.3d at 760.

**III. Discussion**

On behalf of her adult son, T.L., Plaintiff has alleged Section 504 and ADA claims as well as an appeal of the unfavorable State Level Review Officer's ("SLRO") decision (ECF No. 12 at

2

2). Plaintiff has not raised any claims on her own behalf. (ECF No. 12 at 2, 3). Revere argues that Plaintiff is not authorized to litigate on T.L.'s behalf under the general durable power of attorney ("POA") executed by T.L. Plaintiff argues that 1) Revere cannot challenge the POA; 2) the POA is effective as orally amended by T.L. and Plaintiff; and 3) if the POA is not effective, "Cindy Li would be removed from the instant litigation, and T.L. would continue on without her." (ECF No. 16 at 15-16).

First, subject matter jurisdiction is a threshold matter that must be determined before determining whether Plaintiff has properly plead a claim. *Sharona Properties, L.L.C. v. Orange Vill., Ohio*, 92 F. Supp. 3d 672, 678 (N.D. Ohio 2015) ("Standing is a threshold matter that cannot be waived."). If Plaintiff fails to demonstrate she has standing to bring this matter, this Court lacks subject matter jurisdiction over the entirety of the action, and it must be dismissed. *Kallai,* 2021 WL 5961626, at *3 (citing *Ward v. Alternative Health Delivery Sys.*, 261 F.3d 624, 626 (6th Cir. 2001) ("Standing is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction")). Should this Court allow Plaintiff to proceed absent standing to do so, T.L. would not be bound by the outcome of this litigation. As such, Revere can certainly challenge Plaintiff's standing to bring the instant case.

Second, the POA executed by T.L. is not effective. "Generally, a party may only assert its own rights and cannot raise claims on behalf of other potentially affected parties." *Sharona*, 92 F. Supp. 3d at 678 (citation omitted). However, a party may sue in her own name without joining the real party in interest, if authorized to do so by statute. Fed. R. Civ. P. 17(a)(1)(G). Under Ohio law, a valid power of attorney authorizes the agent to litigate on behalf of the principal. O.R.C. § 1337.53(A).

On April 24, 2021, T.L. executed a POA allowing Cynthia Li to "commence, prosecute, discontinue, or defend all actions or other legal proceedings touching [T.L's] property, real or personal, or any part thereof, or touching any matter in which I or my property, real or personal, may be in any way concerned." (ECF No. 15-5 at 2). The POA states that "the powers you grant below are effective only if you become disabled or incompetent[.]" (ECF No. 5-5 at 1). The POA further states:

> THIS POWER OF ATTORNEY BECOMES EFFECTIVE ONLY UPON MY DISABILITY OR INCAPACITY. I shall be considered disabled or incapacitated for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs. I authorize the physician who examines me for this purpose to disclose my physical or mental condition to another person for purposes of this power of attorney. A third party who accepts this power of attorney is fully protected from any action taken under this power of attorney that is based on the determination made by a physician of my disability or incapacity.

(ECF No. 5-5 at 3).

Under the conditions of the POA, Plaintiff could only file the instant complaint on behalf of T.L. if a physician had certified T.L. as disabled or incapacitated. No such evidence has been submitted here. Accordingly, the triggering condition of the POA has not been met and the POA is not effective.

Plaintiff's argument that the POA is a contract that had been orally modified also fails. This Court notes that Plaintiff failed to support this argument with any caselaw. A contract necessarily requires offer, consideration, and acceptance. *See MMK Grp., LLC* v. *SheShells Co., LLC*, 591 F. Supp. 2d 944, 963 (N.D. Ohio 2008) (citing *Kostelnik v. Helper*, 96 Ohio St.3d 1, 3, 770 N.E.2d 58 (2002)). However, as Revere points out, a power of attorney is not a contract, but "a written document authorizing an agent to act in the principal's place." (ECF No. 18 at 2 (citing

4

O.R.C. § 1337.22(G); see also *Testa v. Roberts*, 44 Ohio App. 3d 161, 164, 542 N.E.2d 654, 658 (1988) ("A power of attorney is a written instrument authorizing an agent to perform specific acts on behalf of his principal.")). The Court also agrees with Revere that "in Ohio, a power of attorney is controlled by statute and must conform to its provisions to be valid." (*Id*. (citing *Testa*, 44 Ohio App. 3d at 164)).

Finally, T.L. is not a party to this litigation. If the District Court accepts this recommendation, Cindy Li will cease as the plaintiff leaving no plaintiff to carry on the litigation. In her final argument regarding standing, Plaintiff states that if the POA is not effective, she "would be removed from the instant litigation, and T.L. would continue on without her." (ECF No. 16 at 15-16). Nothing supports this assertion. T.L. has not joined this suit, nor been substituted as a party.

Rule 17 of the Federal Rules of Civil Procedure states that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Here, Revere put Plaintiff on notice of its objection to Cindy Li acting as representative of T.L. well before its motion to dismiss based on lack of subject matter jurisdiction. (*See e.g.* ECF No. 6 at 1 (Answer, filed July 30, 2021), ECF No. 7 at 2 (Motion to Strike Jury Demand, filed August 3, 2021)). Despite having been aware of Revere's objection since at least July 2021, T.L. has not been substituted as the real party in interest. The time for amending the pleadings or substituting parties as a matter of right has passed. (*See* ECF No. 13 (CMC order setting September 24, 2021 as the deadline for amending the pleading/adding or substituting parties)). Additionally, Plaintiff has not asserted that T.L. will seek

to be substituted as the real party in interest. (*See* ECF No. 16 at 15). Instead, Plaintiff claims that T.L. is already a plaintiff, simply because he is the real party in interest, and can continue with this suit if she is removed. This is nonsensical. If T.L. was already a plaintiff, Cindy Li would not have needed to file on his behalf as his agent.

This Court recommends that the Court find that a reasonable time has passed since Revere objected to Cindy Li acting as T.L.'s representative and T.L. has not attempted to substitute himself as the real party in interest. The Court makes no determination as to whether T.L. could be substituted at this point, rather, just that T.L. has not attempted to do so. Accordingly, the matter should be dismissed.

**IV. Recommendation**

For the reasons set forth above, this Court recommends the matter be dismissed for lack of subject matter jurisdiction.

Dated: December 22, 2021

                                           __*s/ Carmen E. Henderson*__
                                           Carmen E. Henderson
                                           United States Magistrate Judge

_____

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).