**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| CINDY LI, <br> as Personal Representative and <br> Agent of the Real Party in Interest <br> other T. L., <br><br> Plaintiff, <br><br> v. <br><br> REVERE LOCAL SCHOOLS <br> BOARD OF EDUCATION, <br><br> Defendant. | ) CASE NO. 5:21-cv-00983 <br> ) <br> ) JUDGE DAVID A. RUIZ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER ADOPTING REPORT AND** <br> ) **RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) |

The present action was filed on May 12, 2021. (R. 1). The matter was referred to Magistrate Judge Carmen E. Henderson by the District Judge previously assigned to this matter for general pretrial supervision to include a Report & Recommendation on any dispositive motions. (R. 4). An amended complaint was filed on August 20, 2021. (R. 12). On October 8, 2021, Defendant Revere Local Schools Board of Education filed a motion to dismiss for lack of jurisdiction and for failure to state a claim. (R. 15). On December 22, 2021, the Magistrate Judge issued her Report and Recommendation recommending the matter be dismissed for lack of subject matter jurisdiction. (R. 24). Plaintiff Cindy Li filed an objection to the Report and Recommendation. (R. 25). Defendant filed a response (R. 26). After receiving leave to do so,

Plaintiff filed a reply in support of her objections. (R. 27, 28, 29). The matter was then reassigned to the undersigned District Judge.

## I. Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). By failing to file *specific* objections to a report and recommendation, a party forfeits any challenge to the report and recommendation and forfeits the "right to appeal the unobjected-to issues." *Shophar v. Gyllenborg,* 2019 WL 4843745, at *2 (6th Cir. Apr. 19, 2019) (citations omitted). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted); *United States v. Dawson*, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.")

## II. Background

The original complaint alleged one cause of action, an appeal from a State Level Review Officer (SLRP) Final Decision dated February 11, 2021. (R. 1, PageID# 10). The state level action stemmed from a due process complaint submitted by T.L.'s parents on September 16, 2019 (R. 1-1, PageID# 13) while T.L. was a minor and student in Defendant's school district.

2

The present action was instituted by Cindy Li, on behalf of her adult son,[1] pursuant to a purported durable power of attorney executed on April 24, 2021. (R. 1, PageID# 3; R. 15-5, PageID# 444). In its Answer to the original complaint, filed on July 30, 2021, Defendant expressly challenged whether Plaintiff Cindy Li had any standing to bring the complaint on behalf of her adult son T.L. (R. 6, PageID# 148-149). Thereafter, the First Amended Complaint declined to attach a copy of the power of attorney to the First Amended Complaint, alleging Defendant was already in possession of it. (R. 12, PageID# 184). The First Amended Complaint also added a second count for relief based on alleged violations of Section 504 of the Rehabilitation Act of 1973 as well as the Americans with Disabilities Act (ADA). (R. 12, PageID# 195-196).

Thereafter, Defendant filed the motion to dismiss (R. 15) that is the subject of the Report and Recommendation (R&R) before the Court. In relevant part, Defendant asserted that Plaintiff Cindy Li did not have standing to litigate on behalf on her adult son. (R. 15, PageID# 337-38, 341-42). Specifically, Defendant pointed out that the power of attorney (POA) under which Plaintiff purported to represent her adult son was contingent upon her son, T.L., becoming disabled or incapacitated upon certification of a physician. Indeed, the POA executed on April 24, 2021, unambiguously states on its very first page, before stating any other terms of the POA, that "**THE POWERS YOU GRANT BELOW ARE EFFECTIVE ONLY IF YOU BECOME DISABLED OR INCOMPETENT**[.]" (ECF No. 15-5 at PageID# 441; Exh. 5). (emphasis in original). The POA further states:

> THIS POWER OF ATTORNEY BECOMES EFFECTIVE ONLY UPON MY DISABILITY OR INCAPACITY. I shall be considered disabled or incapacitated

---

[1] T.L. reached the age of majority in the latter half of 2020, nearly eight months before the filing of the present lawsuit. (R. 1-3, PageID# 32).

3

> for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs. I authorize the physician who examines me for this purpose to disclose my physical or mental condition to another person for purposes of this power of attorney. A third party who accepts this power of attorney is fully protected from any action taken under this power of attorney that is based on the determination made by a physician of my disability or incapacity.

(ECF No. 15-5 at PageID# 443; Exh. 5).

In response to the motion, Plaintiff neither sought to amend the complaint to add T.L. as a named Plaintiff in his own right, nor did Plaintiff seek to substitute parties pursuant to Fed. R. Civ. P. 17. The R&R concluded that dismissal was appropriate under Fed. R. Civ. P. 12(b)(1) because Plaintiff Cindy Li lacked standing to bring this lawsuit.[2] (R. 25, PageID# 505). The R&R construed Defendant's 12(b)(1) motion as a "factual attack questioning the standing of Plaintiff to file suit on behalf of her adult son, T.L." (R. 24, PageID# 505).

### III. Analysis

In her opposition to Defendant's standing argument, Plaintiff Cindy Li argued that: 1) Defendant lacks standing to challenge the POA as Defendant is not a party to the contract;[3] 2) the POA was orally modified by T.L. and Plaintiff Cindy Li; and 3) if the POA is not effective, "Cindy Li would be removed from the instant litigation, and T.L. would continue on without her." (R. 16 at PageID# 468-69). These same arguments were subsequently recast as Plaintiff's objections to the R&R. (R. 25).

---

[2] Because the R&R recommended dismissal due to Plaintiff's lack of standing, the R&R did not address Defendant's remaining arguments for dismissal under Fed. R. Civ. P. 12(b)(1) or 12(b)(6). (R. 24, PageID# 505).

[3] It is Plaintiff's erroneous and unsupported position that a POA constitutes a contract.

4

**A. Defendant Can Challenge Plaintiff Cindy Li's Standing**

The R&R determined that Defendant has the ability to challenge whether Plaintiff Cindy Li has standing to bring this action on behalf of her adult son, T.L. (R. 24, PageID# 506). The R&R explained as follows:

> [S]ubject matter jurisdiction is a threshold matter that must be determined before determining whether Plaintiff has properly plead a claim. *Sharona Properties, L.L.C. v. Orange Vill., Ohio*, 92 F. Supp. 3d 672, 678 (N.D. Ohio 2015) ("Standing is a threshold matter that cannot be waived."). If Plaintiff fails to demonstrate she has standing to bring this matter, this Court lacks subject matter jurisdiction over the entirety of the action, and it must be dismissed. *Kallai*, 2021 WL 5961626, at *3 (citing *Ward v. Alternative Health Delivery Sys.*, 261 F.3d 624, 626 (6th Cir. 2001) ("Standing is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction")). Should this Court allow Plaintiff to proceed absent standing to do so, T.L. would not be bound by the outcome of this litigation. As such, Revere can certainly challenge Plaintiff's standing to bring the instant case.

(R. 24, PageID# 506).

Plaintiff's objections do not meaningfully object to this finding. Rather, Plaintiff's objections reiterate the arguments contained in her brief in opposition that Defendant cannot challenge the POA between Plaintiff Cindy Li and T.L.—arguing that a POA is a contract. (R. 25, PageID# 517-518). As will be discussed further below, the R&R rejected the notion that a POA is a contract. (R. 24, PageID# 507-508). Further, Plaintiff Cindy Li's objections overlook an obvious distinction. Defendant has challenged whether Plaintiff Cindy Li has standing to pursue this lawsuit on behalf of her adult son. Plaintiff's ability to do so is premised on a POA signed in April of 2021, which never became effective as T.L. has not been found incompetent or disabled.[4] Plaintiff's briefs and objections have constructed a strawman argument by arguing

---

[4] Plaintiff Cindy Li has not asserted in any of her filings that a physician has designated T.L. disabled or incompetent—resulting in no facts in the record on this issue. Rather Plaintiff has essentially asserted that the precondition to the POA becoming effective was orally waived by

5

that third parties do not have standing to challenge a contract to which they are not a party. That issue, however, is not the standing issue before the Court. Plaintiff's attempt to conflate the issues is unavailing. Plaintiff has cited no authority that suggests an opposing party in a lawsuit cannot challenge the standing of an individual who seeks to institute a lawsuit—not on her own behalf but on behalf of another—pursuant to a defective POA. If Plaintiff's argument were correct, a party's standing to bring a lawsuit pursuant to a defective POA could not be challenged by another party and would have to be raised by a court *sua sponte*. Plaintiff has cited no authority for such a proposition. Thus, Plaintiff has not cited any authority demonstrating any error on this issue by the Magistrate Judge.[5]

**2. A Power of Attorney is Not a Contract**

The R&R found that Plaintiff's argument—that the POA is a contract that had been orally modified—also fails, specifically noting that Plaintiff did not support her argument with any caselaw, and further noting that a contract requires offer, consideration, and acceptance. (R. 24, PageID# 507). Neither before the Magistrate Judge nor before the undersigned has Plaintiff identified any of these contract prerequisites—offer, consideration, and acceptance. Plaintiff objected to this determination, asserting the R&R was "inconsistent with Ohio law." (R. 25, PageID# 511, 514).

The R&R, however, accurately found that a POA is a written instrument authorizing an agent to act in a principal's place. Under Ohio law, a "'Power of attorney' means a writing or

---

agreement of Cindy Li and T.L.
[5] Although the Court has reviewed Plaintiff's objection *de novo*, Plaintiff's objection on this issue is arguably a mere restatement of her argument coupled with a disagreement with the Magistrate Judge's suggested resolution. Such objections have "the same effects as would a failure to object." *Austin*, 2021 WL 1540389, at *4.

other record that grants authority to an agent to act in the place of the principal, whether or not the term power of attorney is used." O.R.C. § 1337.22(G). A power of attorney is a "**written instrument**" and "interpreted according to contract principles." *Kennedy v. Robinson Mem. Hosp.*, 72 N.E.3d 70, 71, 2016 -Ohio- 6990, ¶ 2 (Ohio Ct. App. 2016) (emphasis added) (*citing Testa v. Roberts*, 44 Ohio App.3d 161, 164, 542 N.E.2d 654 (Ohio Ct. App. 1988) and *Alexander v. Buckeye Pipeline Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146, paragraph one of the syllabus (Ohio 1978)). Plaintiff attempts to make the circular argument that because POAs are construed in accordance with the same principles as contracts under Ohio law, that POAs *are* contracts. (R. 25, PageID# 511, 514). Plaintiff's citations to cases that actually do involve contracts are inapposite. The Magistrate Judge correctly rejected such an argument as does this Court. Plaintiff has not identified a single case stating that POAs are contracts. If POAs were considered contracts under Ohio law, there would be no need for numerous Ohio court decisions to clarify that POAs are to be interpreted in accord with contractual interpretation principles.

The R&R also correctly found that the POA executed in April of 2021 never became effective, as the condition precedent to effectiveness (T.L.'s disability or incapacitation) has not been satisfied. Plaintiff's attempt to circumvent the condition precedent by suggesting she and T.L. had modified the terms of the POA orally is not well taken. A principle of contract interpretation is that the intent of the parties "is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.*, 31 Ohio St. 3d 130, 132, 509 N.E.2d 411, 413 (Ohio 1987) (citations omitted).[6] The Magistrate Judge reasonably and properly declined to

---

[6] Defendant also cites a highly relevant summary of contractual interpretation regarding intent furnished by another jurist of this Court. (R. 26, PageID# 532-33).

The role of courts in examining contracts is to ascertain the intent of the parties. The intent

7

rewrite the terms of a written instrument, the POA, in a manner that conflicts with the plain language of the document. The terms of the POA are clear and unambiguous—the POA would only become effective if T.L. is determined to be disabled or incapacitated by a physician. (R. 15-5, PageID# 443). There is no evidence that occurred. Further, it is impermissible for a court to alter an instrument based on extrinsic evidence that would directly contradict the express and unambiguous terms of the instrument. Because the April 2021 POA never went into effect, Plaintiff Cindy Li has no standing to sue on behalf of T.L. *See, e.g., Hurley v. Miami County Commissioners*, 2010 WL 2545347, at *3 (S.D. Ohio, May 25, 2010) (finding a power of attorney that was no longer valid by the plain terms of the document rendered the plaintiff without standing to pursue claims), *adopted by* 2010 WL 2505950 (S.D. Ohio, Jun. 16, 2010).

**3. New Evidence—the Revised POA of September 4, 2021**

In her brief in opposition before the Magistrate Judge, Plaintiff Cindy Li made a passing reference to an updated POA executed on September 4, 2021. (R. 16, PageID# 467). The provisions of the September 2021 POA were neither set forth in the brief nor was the alleged document attached to the filing or provided anywhere else on the docket. Thus, the Magistrate Judge was not provided with any evidence that an updated POA had actually been executed, nor

---

of the parties is presumed to reside in the language they choose to use in their agreement. Where the terms in a contract are not ambiguous, courts are constrained to apply the plain language of the contract. [W]here the terms in an existing contract are clear and unambiguous, this court cannot ... create a new contract by finding an intent not expressed in the clear language employed by the parties. Extrinsic evidence is admissible to ascertain the intent of the parties when the contract is unclear or ambiguous, or when circumstances surrounding the agreement give the plain language special meaning. Nevertheless, a court is not permitted to alter a lawful contract by imputing an intent contrary to that expressed by the parties in the terms of their written contract.

*McGovern v. First Housing Development Corporation of Fla.*, 2015 WL 5749837, at *5 (N.D. Ohio, Sep. 30, 2015) (Adams, J.) (internal citations and quotation marks omitted).

was she apprised of the contents of the new POA.

Plaintiff Cindy Li first filed the new POA of September 2021—a limited power of attorney—along with her objections to the Magistrate Judge's R&R.[7] (R. 25-2, PageID# 527-28).

Defendant takes issue with Plaintiff's reliance on new documents in her objections that were never presented to the Magistrate Judge, such as the updated POA of September 2021. (R. 26, PageID# 531-32, 537-38, citing *Franklin v. Nusbaum*, 2013 WL 587570, at *2 (N.D. Ohio Feb. 13, 2013) ("The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'")).[8]

While a district court *may* supplement the record and entertain additional evidence, it is not required to do so. *See, e.g., United States v. White*, 295 F. Supp. 2d 709, 712 (E.D. Mich. 2003) (*citing* 12 Wright & Miller, Federal Practice and Procedure § 3070.2)). "[L]itigants cannot be permitted to use litigation before a magistrate judge as something akin to spring training exhibition game, holding back evidence for use once the regular season begins before the district judge." *Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005) (finding that after having the opportunity to present relevant evidence concerning a motion for summary judgment, "[a]bsent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted."). A recent decision in the Southern District of Ohio aptly addresses this issue:

---

[7] Despite standing raised as a contested issue throughout this litigation, Plaintiff represents that the September 2021 POA was "inadvertently omitted" from Plaintiff's filings pre-dating the R&R. (R. 25, PageID# 512).

[8] Another court concluded, "Defendants cannot show that the Magistrate Judge erred … by citing evidence that was not before the Magistrate Judge for consideration." *Nathan v. Ohio State University*, 2013 WL 139874, at *4 (S.D.Ohio Jan. 10, 2013)

> The proposition that new evidence may be considered at any time, however, does not eliminate the exercise of discretion, which requires consideration of "[t]he language of the Magistrate Act, its legislative history, Supreme Court precedent, and practical considerations." *Howell*, 231 F.3d at 622. Those considerations suggest a cautious approach. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) (holding that discretion to admit new evidence "must be exercised sparingly").
>
>> To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. "Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearsal if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round."
>
> *Howell*, 231 F.3d at 622 (quoting *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 322 (1st Cir. 2008)); *Blackwell v. McCord*, No. 3:13-CV-0739, 2016 U.S. Dist. LEXIS 81874, 2016 WL 3444502, at *1 (M.D. Tenn. June 23, 2016) ("The presentation of new evidence to the district court that was not presented to the magistrate judge is disfavored.").

*Johnston v. Hamilton Cty. Justice Ctr.*, No. 1:18-cv-864, 2021 WL 1250955, 2021 U.S. Dist. LEXIS 65354, at *17-18 (S.D. Ohio Apr. 5, 2021). The Court finds that Plaintiff's belated presentation of evidence, especially where no compelling justification is offered for the delayed presentation of the new evidence, would completely frustrate the whole process of obtaining a report and recommendation from a magistrate judge. The objection-stage is not an appropriate forum for presentation of new evidence that would essentially result in a "do-over." Therefore, the Court declines to consider the September 2021 POA.

Alternatively, even if the Court were to consider the September 2021 POA, Plaintiff has not identified any error in the Magistrate Judge's recommendation that Plaintiff lacked standing to file suit. Defendant has pointed to compelling authority that "[s]tanding is determined as of the date the suit is filed." (R. 26, PageID# 537, quoting *Senter v. General Motors Corp.*, 532 F.2d 511, 520 (6th Cir. 1976)). *See also Blankenship v. Superior Controls, Inc.*, 135 F.Supp.3d 608,

617 (E.D. Mich. 2015) (agreeing that the relevant timeframe for determining standing is the date a lawsuit is filed); *Huey Jiuan Liang v. AWG Remarketing, Inc.*, No. 2:14-cv-00099, 2015 WL 4916966. *5 (S.D. Ohio Aug. 18, 2015) (finding a Nevada district court decision "to be well reasoned and consistent with the United States Supreme Court's, the Sixth Circuit's, and lower courts' pronouncements that ***standing must exist at the time a complaint is filed*** in order for a court to exercise subject matter jurisdiction.") (emphasis added). Plaintiff cites no authority refuting the proposition that standing is to be determined as of the date a lawsuit is filed. Thus, the POA executed in September of 2021 could not retroactively provide standing for Plaintiff Cindy Li to file the lawsuit in May of 2021.

Finally, the Complaint was filed by Plaintiff Cindy Li on May 12, 2021, appealing an SLRP's Final Decision dated February 11, 2021. (R. 1, PageID# 8, 10). Defendant points out that, pursuant to statute, Plaintiff's suit had to be filed within ninety (90) days of the SLRP's Final Decision. (R. 26, PageID# 538). Defendant is correct that T.L. had 90 days to file an appeal with this Court, and that Plaintiff Cindy Li attempted to file such an appeal on the last possible date—May 12, 2021.[9] Assuming *arguendo* that the September 2021 POA allowed Plaintiff

---

[9] (2) Right to bring civil action

(A) In general
Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

(B) Limitation
**The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action**, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law

11

Cindy Li to pursue claims on behalf of her adult son T.L., the September 2021 POA would not cure her lack of standing when the suit was filed on May 12, 2021. Further, the September 2021 POA cannot operate retroactively. Under O.R.C. § 1337.29(A), "[a] power of attorney is ***effective when executed*** unless the principal provides in the power of attorney that it becomes effective at a future date or upon the occurrence of a future event or contingency." (emphasis added). The Ohio Revised Code plainly only contemplates that POAs become effective (1) when executed; or (2) at a *future* date. Plaintiff cites no statutory authority indicating that Ohio allows for POAs to become retroactively effective.

In addition, in this Court's view, allowing Plaintiff Cindy Li to cure her lack of standing based on a document that was purportedly executed 115 days *after* the statute of limitations expired would undermine the provisions of the statute and effectively more than double the number of days to file an appeal. Plaintiff's reply brief is unresponsive to these issues raised by Defendant. (R. 29).

**D. Substitution of Parties**

Finally, Plaintiff Cindy Li argues that T.L. was always a party to this action and that the Magistrate Judge incorrectly found otherwise. (R. 25, PageID# 511 & 519). Alternatively, Plaintiff asks the Court to allow amendment of the caption or to substitute parties to add T.L. pursuant to Fed. R. Civ. P. 17.

First, Plaintiff appears to contend that the identification of T.L. as the real party in interest renders him a named Plaintiff and party to this action. As pointed out in the R&R,

---

allows.

20 U.S.C. § 1415(i)(2) (emphasis added).

12

Plaintiff offers nothing to support this assertion. With respect to substitution pursuant to Rule 17, the R&R found as follows:

> Rule 17 of the Federal Rules of Civil Procedure states that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Here, Revere put Plaintiff on notice of its objection to Cindy Li acting as representative of T.L. well before its motion to dismiss based on lack of subject matter jurisdiction. (*See e.g.* ECF No. 6 at 1 (Answer, filed July 30, 2021), ECF No. 7 at 2 (Motion to Strike Jury Demand, filed August 3, 2021)). Despite having been aware of Revere's objection since at least July 2021, T.L. has not been substituted as the real party in interest. The time for amending the pleadings or substituting parties as a matter of right has passed. (*See* ECF No. 13 (CMC order setting September 24, 2021 as the deadline for amending the pleading/adding or substituting parties)). Additionally, Plaintiff has not asserted that T.L. will seek to be substituted as the real party in interest. (*See* ECF No. 16 at 15). Instead, Plaintiff claims that T.L. is already a plaintiff, simply because he is the real party in interest, and can continue with this suit if she is removed. This is nonsensical. If T.L. was already a plaintiff, Cindy Li would not have needed to file on his behalf as his agent.

(R. 24, PageID# 508-09).

The Court finds nothing erroneous in the above determination. Furthermore, the Court finds that allowing substitution or amendment at this late stage, when it could have been sought before the R&R, would again frustrate judicial proceedings and the entire report and recommendation process leading to an inefficient use of judicial resources. Even now, it is not altogether clear whether T.L. is actually himself seeking to substitute himself as the plaintiff in this litigation, as he has not himself filed anything with the Court personally or through counsel. Rather, it appears that Plaintiff Cindy Li is purporting to substitute herself with T.L., but again acting on his behalf. As stated in the previous section, allowing T.L. to be added as the plaintiff at this point would circumvent the statute of limitations. The Court declines to do so.

13

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation and Plaintiff's objections, finds no error and agrees with the findings set forth in the Report and Recommendation. The Magistrate Judge's Report and Recommendation (R. 24) is hereby ADOPTED and Plaintiff's objections are OVERRULED. The motion to dismiss (R. 15) is hereby GRANTED and the case DISMISSED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: July 29, 2022